Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiffs,
KATHERINE AND MICHAEL WARE

**UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA,
SACRAMENTO DIVISION**

| | |
|---|---|
| KATHERINE AND MICHAEL WARE, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA RECOVERY SYSTEMS, INC., <br><br> Defendant. | Case No.: 2:10-cv-02668-MCE-EFB <br><br> **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

**<u>VERIFIED COMPLAINT</u>**

KATHERINE AND MICHAEL WARE (Plaintiffs), by their attorneys, KROHN & MOSS, LTD., and pursuant to Fed. R. Civ. P. 15(a), hereby submits their First Amended Complaint and allege the following against CALIFORNIA RECOVERY SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiffs' Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiffs are a natural persons residing in the state of California, Sacramento County, California.

9. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)* and Defendant is attempting to collect a debt by communicating with Plaintiffs as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt by contacting Plaintiffs.

11. Defendant is a company with business offices in Sacramento, California.

## FACTUAL ALLEGATIONS

12. Defendant places collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

13. Defendant places collection calls to Plaintiffs and requests a call return call on: 866-502-

2774.

14. Defendant placed a collection call to Plaintiffs place of employment on August 18, 2010.

15. Plaintiffs informed Defendant that they could not receive telephone calls at work and to stop calling them there.

16. Despite this, Defendant called Plaintiffs at work three more times consecutively the same day.

17. On the third call, Defendant demanded Plaintiffs' employers name and contact information.

18. Defendant threatened to garnish Plaintiffs' wages if immediate payment plan was not set up.

19. Defendant falsely represented that it was an attorney when placing collection calls to Plaintiffs.

20. Defendant did not identify itself in subsequent communications (see Exhibit A).

21. Defendant failed to inform Plaintiffs that it is a debt collector (see Exhibit A).

22. On or about August 27, 2010, Plaintiffs, through counsel, informed Defendant, through counsel, that Plaintiffs had retained legal counsel regarding the instant matter.  (See Exhibit B).

23. Despite having been put on such notice, Defendant continued to directly communicate with the Plaintiffs regarding the alleged by placing two (2) collection calls to Plaintiffs on September 8, 2010.

24. On or about September 30, Plaintiffs filed their Verified Complaint against the Defendant.

25. On or about October 4, 2010, Plaintiffs served their Verified Complaint onto Defendant by way of electronic means to Defendant's counsel as per an agreement between the

parties.  (See Exhibit C).

26. Despite having been put on yet further notice of Plaintiffs' retention of counsel, Defendant continued to directly communicate with the Plaintiffs regarding the alleged by placing three (3) collection calls to Plaintiffs on October 4, 2010, two (2) calls to Plaintiffs on October 5, 2010 and one (1) call to Plaintiffs on November 3, 2010.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by calling Plaintiffs at their place of employment, a place known to be inconvenient to Plaintiffs.

   b. Defendant violated §1692c(a)(2) of the FDCPA by communicating directly with Plaintiffs after being put on written notice multiple times that Plaintiffs had retained legal counsel.

   c. Defendant violated §1692c(a)(3) of the FDCPA by calling Plaintiffs at their place of employment despite being informed that Plaintiffs cannot receive calls at work.

   d. Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of Plaintiffs.

   e. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   f. Defendant violated §1692e(3) of the FDCPA by falsely representing that the communication is from an attorney.

   g. Defendant violated §1692e(4) of the FDCPA by falsely representing that non payment of Plaintiffs' alleged debt will result in wage garnishment.

   h. Defendant violated §1692e(10) of the FDCPA by engaging in deceptive means to

attempt to collect a debt by threatening that nonpayment of Plaintiffs' alleged debt will result in wage garnishment.

i. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiffs, KATHERINE AND MICHAEL WARE, respectfully request judgment be entered against Defendant, CALIFORNIA RECOVERY SYSTEMS, INC., for the following:

28. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

30. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs repeat and reallege all of the allegations in Count I of Plaintiffs' Complaint as the allegations in Count II of Plaintiffs' Complaint.

26. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.10(e)* of the RFDCPA by threatening that nonpayment of Plaintiffs' alleged debt would result in wage garnishment.

   b. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   c. Defendant violated *§1788.11(d)* of the RFDCPA by causing a telephone to ring repeatedly to annoy the person called.

   d. Defendant violated *§1788.11(e)* of the RFDCPA by communicating by telephone with Plaintiffs with such frequency as to be unreasonable and to constitute

1    harassment to Plaintiffs.

2    e. Defendant violated *§1788.13(b)* of the RFDCPA by falsely representing that Defendant is an attorney.

3    f. Defendant violated §1788.14(c) of the RFDCPA by communicating directly with Plaintiffs after being put on written notice multiple times that Plaintiffs had retained legal counsel.

4    f. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiffs, KATHERINE AND MICHAEL WARE, respectfully request judgment be entered against Defendant, CALIFORNIA RECOVERY SYSTEMS, INC., for the following:

27. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

29. Any other relief that this Honorable Court deems appropriate.

- 6 -

FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, KATHERINE AND MICHAEL WARE, demand a jury trial in this cause of action.

                                      RESPECTFULLY SUBMITTED,

DATED:  November 3, 2010         KROHN & MOSS, LTD.

                               By: /s/ Nicholas J. Bontrager

                                    Nicholas J. Bontrager
                                    Attorney for Plaintiff

# **EXHIBIT A**

```
Wednesday, 3:28 p.m.

Yeah I need to get in contact with _____.  I got a situation
here that is escalating.  I have called a couple of times.  I am
getting hung up on. I do need to get in contact with somebody
that is in charge over there _____ telephone number 1-866-502-
2774.  Definitely, this situation is not going to go away,
somebody needs to call me back ASAP.

Ware
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT B</u>**

# Bontrager, Nick

| | |
|---|---|
| **From:** | Bontrager, Nick |
| **Sent:** | Friday, August 27, 2010 9:33 AM |
| **To:** | David J. Kaminski |
| **Cc:** | 'Robert Berglund' |
| **Subject:** | NEW CASE - Ware v. California Recovery |
| **Attachments:** | Complaint (Ware v. CRS).pdf |

David and Bobby-

Please find attached a new case we have with CRSI. Our pre-litigation demand to settle this case is ▇▇▇▇, and based on the following terms:

1. My clients will receive ▇▇▇▇ as statutory damages under the FDCPA,
2. K&M will receive ▇▇▇▇ in fees,
3. Defendant will close the account, cease all further collection activities, and will request a removal of any negative trade-line entries it provided to the credit agencies (if applicable),
4. Defendant will provide two separate checks: one for us and one for our client (our Tax ID is ▇▇▇▇),
5. Defendant will prepare and e-mail me the proposed settlement documents within 7 days,
6. We will receive payment within 30 days from acceptnace, and
7. Should either party be required to bring an action to enforce the terms of this agreement, the prevailing party will be entitled to recover reasonable attorney's fees and costs incurred from the other party.

Please let me know within 72 hours if your client is interested in discussing settlement pre-suit.

Thanks,

Nicholas J. Bontrager*
Attorney at Law
Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025
(323) 988-2400 x229
(888) 755-0945 (fax)
Email: nbontrager@consumerlawcenter.com
Web: www.krohnandmoss.com
*Licensed in California
*Federally Admitted in CA, CO, FL(N.D.), IL(S.D)

Connect With Us   

11/3/2010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## EXHIBIT C

## Bontrager, Nick

| | |
|---|---|
| **From:** | Almourzaeva, Imma |
| **Sent:** | Monday, October 04, 2010 2:27 PM |
| **To:** | 'kaminskid@cmtlaw com' |
| **Cc:** | Bontrager, Nick |
| **Subject:** | Summons & Complaint for Ware v CRS |
| **Importance:** | High |

**Attachments:** Summons-STAMPED pdf; Complaint-FILED pdf

Hello David,

Attached please find the Complaint and Summons for the case of Ware, Katherine and Michael v. California Recovery Systems, Inc As per our agreement, you have 30 days from the date of service to answer.

Thank you.

Imma Almourzaeva
Krohn & Moss, Ltd
10474 Santa Monica Blvd
Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400 x224
Fax: (888) 755-0945
Email: immazimma@consumerlawcenter.com
Web: www.krohnandmoss.com

Connect With Us   

11/3/2010

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, MICHAEL WARE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Amended Complaint.
5. I have filed this Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MICHAEL WARE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 11-3-10                          _Michael S Ware_
                                        MICHAEL WARE

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, KATHERINE WARE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Amended Complaint.
5. I have filed this Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KATHERINE WARE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 11-3-10                              _____
                                            KATHERINE WARE